UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID COE,<br><br>    Plaintiff,<br><br>vs.<br><br>CONNIE BISBEE et al.,<br><br>    Defendants. | 3:16-cv-00548-RCJ-VPC<br><br>ORDER |

This is a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. The Court now screens the Complaint under 28 U.S.C. § 1915A.

## I.  FACTS AND PROCEDURAL HISTORY

Plaintiff David Coe is a prisoner in the custody of the Nevada Department of Corrections. He alleges that the members of the Nevada Parole Board ("the Board") violated his due process rights by considering erroneous information at his parole revocation hearing, and that they violated his First Amendment rights by retaliating against him.

## II.  LEGAL STANDARDS

District courts must screen cases in which a prisoner seeks redress from a governmental entity or its officers or employees. 28 U.S.C. § 1915A(a). A court must identify any cognizable claims and must dismiss claims that are frivolous, malicious, insufficiently pled, or directed against immune defendants. *See id.* § 1915A(b)(1)–(2). Pleading standards are governed by Rule

12(b)(6). *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). When a court dismisses a complaint upon screening, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## III. ANALYSIS

Parole board members "are entitled to absolute quasi-judicial immunity for decisions to grant, deny, or revoke parole because these tasks are functionally comparable to tasks performed by judges." *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004) (internal quotation marks omitted). Also, § 1983 claims based on parole determinations are categorically barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) unless and until the determination is overturned via writ of habeas corpus. There is a narrow exception: if the only thing a plaintiff seeks is declaratory and injunctive relief granting him a hearing free from cognizable constitutional infirmity, and not a favorable decision, i.e., not any relief that will necessarily affect the length of his confinement, he may (indeed must) bring the claim under § 1983 as opposed to habeas corpus. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

Plaintiff prays for, *inter alia*, "immediate release - continue on parole." The Complaint is therefore barred by *Heck*. Even if it were not, the due process claim would fail, and amendment would be futile, because there is no cognizable liberty interest in parole in Nevada, so no process is constitutionally due. *Moor v. Palmer*, 603 F.3d 658, 662 (9th Cir. 2010) (citing *Severance v. Armstrong*, 620 P.2d 369, 370 (Nev. 1980)). As for the First Amendment retaliation claim, Plaintiff has not identified any protected speech against which Defendants allegedly retaliated.

///

///

### IV. AMENDMENT

Plaintiff may amend the First Amendment retaliation claim. Plaintiff is informed that the amended complaint must be complete in itself, because it supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). If Plaintiff does not file an amended complaint within twenty-eight (28) days, the Court will dismiss without further notice. The Court defers a decision on the motion to proceed in forma pauperis at this time.

### CONCLUSION

IT IS HEREBY ORDERED that the Clerk shall DETACH and FILE the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Count I is DISMISSED without leave to amend, and Count II is DISMISSED with leave to amend.

IT IS FURTHER ORDERED that the Clerk shall mail Plaintiff a civil rights complaint form and instructions.

IT IS FURTHER ORDERED that Plaintiff shall have twenty-eight (28) days to file an amended complaint. If Plaintiff does not file an amended complaint, the Court will dismiss without further notice. Plaintiff shall clearly title the amended complaint as such by writing the words "FIRST AMENDED" above the words "CIVIL RIGHTS COMPLAINT" on the first page.

IT IS SO ORDERED.

Dated this 27th day of July, 2017.

_____
ROBERT C. JONES
United States District Judge